IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOANN J. FERRELL, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:13-CV-00240-RWS |
| CAPITOL CITY BANK AND CO. : | |
| d/b/a CAPITOL CITY BANK & : | |
| TRUST CO., : | |
| : | |
| Defendant. : | |

## ORDER

This case comes before the Court on Defendant's Motion for Judgment on the Pleadings on Plaintiff's ERISA Breach of Fiduciary Duty Claim ("Motion for Judgment on the Pleadings") [21].  After considering the record, the Court enters the following Order.

## Background

Plaintiff was an employee of Defendant's for more than seven (7) years as a switchboard operator, payroll and benefits specialist, and credit administrator.  (First Am. Compl., [19] ¶ 10.)  During Plaintiff's employment, Defendant held group contracts with Genworth Life and Health Insurance Company ("Genworth") to provide long term and short term disability benefits

AO 72A
(Rev.8/82)

to its employees.  (Id. ¶ 11.)   Plaintiff was a participant in these employee benefit plans.  (Id. ¶ 26.)  On December 1, 2007, Genworth changed its name to "Sun Life and Health Insurance Company (U.S.)" ("Sun Life"). (Def. Answer, [20-3] at 3 of 6.)

On or around November 3, 2011, Plaintiff's rheumatologist, Dr. Carolyn Felton, recommended that Plaintiff take medical leave from November 7, 2011 through December 12, 2011 because of Plaintiff's osteoarthritis, severe joint pain, severe anxiety, and Crohn's disease.  (First Am. Compl., [19] ¶¶ 27-28.) Dr. Felton supplied Plaintiff with a form stating Plaintiff's need for leave on these dates.  (Id. ¶ 29.)  Despite Dr. Felton's recommendation, Plaintiff continued to work for approximately three (3) weeks after November 7, 2011, in order to complete certain tasks prior to taking leave.  (Id. ¶¶ 30-31.)  Plaintiff informed Dr. Felton of her continued work and on or around November 22, 2011, Dr. Felton supplied Plaintiff with an amended medical leave form.  (Id. ¶¶ 31-32.)  The amended form had Plaintiff's leave commencing on November 28, 2011.  (Id. ¶ 32.)

On or around November 25, 2011, Plaintiff submitted an application to Defendant's human resources consultant for short term disability benefits and medical leave under the Family Medical Leave Act ("FMLA").  (Id. ¶¶ 33-36.)

2

Plaintiff's application materials included Dr. Felton's initial medical leave form dated November 3, 2011, Dr. Felton's amended medical leave form dated November 22, 2011, a fax cover sheet from Dr. Felton's office dated November 22, 2011, and a FMLA Notice of Eligibility and Rights & Responsibilities form. (Id. ¶ 37.)  The fax cover sheet from Dr. Felton's office indicated her recommendation that Plaintiff take medical leave from November 28, 2011 to January 3, 2012.  (Id. ¶ 38.)  At the insistence of Defendant's executives, the human resources consultant transferred Plaintiff's application to an employee of Defendant's.  (Id. ¶ 39.)  On December 28, 2011, Defendant informed Plaintiff via letter that she was suspended without pay until further notice.  (Id. ¶ 40.)  The letter stated that Plaintiff's suspension was "due to information that was presented to the Company for a request for short term disability leave on [Plaintiff's] behalf."  (Id.)

Plaintiff alleges that Defendant repeatedly contacted Dr. Felton to inquire whether Plaintiff had altered Dr. Felton's recommendation for medical leave. (Id. ¶ 45.)  Dr. Felton informed Defendant that she amended her medical leave recommendation based on Plaintiff working an additional three weeks.  (Id. ¶¶ 45-46.)  In a letter dated January 10, 2012, Dr. Felton wrote to Defendant explaining Plaintiff's condition, treatment program, need for medical leave, and

3

reason for delayed medical leave. (Id. ¶ 54.) Nonetheless, Defendant informed Sun Life that Plaintiff had altered health information on her short term disability benefits application. (Id. ¶ 41.) Defendant repeatedly contacted Sun Life to inquire about the status of Plaintiff's short term disability claim. (Id. ¶ 42.) Defendant also had its disability insurance broker contact Sun Life to inquire about the status of Plaintiff's claim. (Id. ¶ 52.)

On January 10, 2012, Defendant terminated Plaintiff's employment. (Id. ¶ 55.) The termination letter stated:

> During the time of your suspension, we reviewed all of the information pertaining to your Leave Request that was submitted and signed by you. After carefully reviewing your Leave Request, we found several discrepancies with the dates as well as some of the content . . . Therefore, we are terminating your employment with Capitol City Bank & Trust Company for Breach of Trust effective immediately.

(Id.) Sun Life denied Plaintiff's short term disability benefits claim. (Id. ¶ 60.) Plaintiff filed this suit having exhausted all administrative remedies known to her. (Id. ¶ 66-67.)

## **Discussion**

**I.    Legal Standard**

AO 72A
(Rev.8/82)

After the pleadings are closed but within such time as not to delay trial, a party may file a motion for judgment on the pleadings. FED. R. CIV. P. 12(c). Judgment on the pleadings is appropriate only when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). A court considers only the substance of the pleadings and any judicially noticed facts, and the court accepts the facts in the complaint as true and views them in the light most favorable to the nonmoving party. Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). The complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Rule 12(c) provides that if matters outside the pleadings are considered, the court may convert the motion for judgment on the pleadings to a motion for summary judgment. Pleadings include the complaint and answer. Fed. R. Civ. P. 7(a). Written instruments which are exhibits to a pleading are considered a part of the pleading. Fed. R. Civ. P. 10(c).

5

**II.    Analysis**

Defendant's Motion for Judgment on the Pleadings [21] addresses only Count I of Plaintiff's First Amended Complaint [19]. Count I alleges breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.[1] Three subsections of § 1132 could apply to Plaintiff's claim. Plaintiff did not specify a subsection in her Amended Complaint so the Court will evaluate her claim under each of them.

A.    Section 1132(a)(1)(B)

Plaintiff asserts that she is not bringing a claim under section 1132(a)(1)(B), which provides beneficiaries or plan participants the right to recover benefits due them under the terms of the benefit plan. (Plaintiff's Brief in Opp., [26] at 8-12.) The Court accepts Plaintiff's representation and will not evaluate the merits of her claim under this subsection.[2]

---

[1] ERISA section 502 is codified at 29 U.S.C. § 1132 and will be referred to hereinafter as "section 1132."

[2] Even if Plaintiff were asserting a claim under 1132(a)(1)(B), it is questionable whether Capitol City would be the proper defendant. In the Eleventh Circuit, this subsection "confers the right to sue the plan administrator for recovery of benefits." Hamilton v. Allen-Bradley Co., 244 F.3d 819, 824 (11th Cir. 2001). The plan administrator has "decisional control over the claim process." Id. "Proof of who is the plan administrator may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document." Id.

B.     Section 1132(a)(3)

Section 1132(a)(3) authorizes a civil action "(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."  29 U.S.C. § 1132(a)(3). This section has been described as a "catchall" provision, providing appropriate equitable relief when adequate remedies are not otherwise available under the statute.  Varity Corp. v. Howe, 516 U.S. 489, 512 (1996).  In the Eleventh Circuit, an ERISA plaintiff who has an adequate remedy under section

---

Plaintiff suggests that, based on the allegations in Count I of the Amended Complaint, Capitol City was "acting in the role of plan administrator." (Plaintiff's Brief in Opp., [26] at11.)   However, the plan documents identify Genworth (later Sun Life) as the "claims fiduciary" with "sole and exclusive discretion and power to grant and/or deny any and all claims for benefits, and construe any and all issues relating to eligibility for benefits." (Def. Answer, [20-1] at 21 of 23.)  Even though the plan documents name Plaintiff herself as the "plan administrator," her Complaint states: "her actual job responsibilities included only the performance of clerical functions" (i.e., no decisional control).  (First Am. Compl., [19] ¶ 18.)  Plaintiff admits that *Sun Life* denied her benefits and the record shows that it had ultimate control over her claim.

To the extent Plaintiff alleges Defendant is a plan administrator because it has the power to retain or terminate its benefit plan provider, the Court finds this argument unpersuasive.  (See Id. ¶ 15.)  Under Plaintiff's reasoning, any employer could be deemed a plan administrator, regardless of its decisional control – or lack thereof – over the claims process.

7

1132(a)(1)(B) cannot alternatively plead and proceed under section 1132(a)(3). Katz v. Comprehensive Plan of Group Ins., 197 F.3d 1084, 1089 (11th Cir. 1999). Even if the plaintiff's claim under section 1132(a)(1)(B) is lost, the fact that plaintiff had a remedy under that subsection will still preclude a claim for equitable relief under section 1132(a)(3). Odgen v. Blue Bell Creameries U.S.A., Inc., 348 F.3d 1284 (11th Cir. 2003) (where 1132(a)(1)(B) provided plaintiff with an adequate remedy at the time his cause of action arose, plaintiff could not have proceed under 1132(a)(3)); Katz, 197 F.3d at 1089 (availability of an adequate remedy under the law does not mean, nor does it guarantee, an adjudication in one's favor and plaintiff's claim under 1132(a)(3) was precluded even though she did not prevail on the merits of 1132(a)(1)(B)); see Varity, 516 U.S. at 515 ("where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief").

  To determine if Plaintiff may bring a claim under section 1132(a)(3), the Court considers whether Plaintiff has a cause of action, based on the same allegations, under the more specific remedial provisions of ERISA. See Jones v. Am. Gen. Life & Accident Ins. Co., 370 F.3d 1065, 1073 (11th Cir. 2004). Here, the Court finds that Plaintiff's allegations under Count I support a claim

8

for recovery of benefits under 1132(a)(1)(B). Plaintiff contends that the *relief* she seeks in Count I removes the claim from (a)(1)(B), but the relief sought is not dispositive of the issue.[3] Id. at 1073-74 (finding that the district court should have considered whether allegations supporting the 1132(a)(3) claim were sufficient to state a cause of action under 1132(a)(1)(B), regardless of the relief sought).

The root of Plaintiff's grievance is that she was wrongfully denied short term disability benefits. Indeed, the Amended Complaint is rife with this particular claim. (See First Am. Compl., ¶¶ 41-42, 56-57, 59-60, 64-65, 74.) Plaintiff's allegations regarding Defendant's ERISA violations affect her only to the extent she was denied benefits to which she believes she is entitled. Thus, 1132(a)(1)(B) provides an adequate remedy in this case and reliance on 1132(a)(3) is improper. See Byars v. Coca-Cola, Co., 2004 WL 1595399, No. 1:01-CV-3124-TWT, at \*4-5 (N.D. Ga. Mar. 18, 2004) (where plaintiffs' allegations regarding ERISA violations "concern the decision to award or deny benefits," (a)(3) provides an adequate remedy).

---

[3] The Court also notes that Plaintiff *does* seek recovery of benefits in her Amended Complaint. (First Am. Compl., [19] at 29 of 30, ¶ 9.)

In sum, Plaintiff may not recover under section 1132(a)(3) because the allegations in her Amended Complaint support a cause of action under section 1132(a)(1)(B), and (a)(1)(B) would provide adequate relief for Plaintiff's claim.

C.    Section 1132(a)(2)

Under section 1132(a)(2), a plan participant or beneficiary may file a civil action "for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). Relief under 1132(a)(2) for breach of fiduciary duty inures to the plan itself, not to individual participants or beneficiaries. Heffner v. Blue Cross Blue Shield of Alabama, Inc., 443 F.3d 1330, 1339 (11th Cir. 2006); see also Byars, 2004 WL 1595399, at *7 ("[Section 1109(a)] of ERISA was interpreted by the Supreme Court as providing 'relief singularly to the plan' and 'remedies that would protect the entire plan,' rather than the rights of an individual beneficiary.") (quoting Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 142 (1985)). "Accordingly, for relief to be available under section [1109], the [ ] Plan itself must have suffered a loss." Byars, 2004 WL 1595399, at *7.

Neither Count I nor any of the preceding paragraphs in Plaintiff's Amended Complaint contains any allegations regarding a loss suffered by the Plan. Further, Plaintiff's requests for relief seek damages for her, not for the Plan. Therefore, Plaintiff has not stated a claim under 1132(a)(2).

## Conclusion

Based on the foregoing, Plaintiff has failed to state a claim against Defendant under any of the subsections of 29 U.S.C. § 1132 and Defendant's Motion for Judgment on the Pleadings [21] as to Count I of Plaintiff's Amended Complaint is **GRANTED.**

**SO ORDERED**, this   25th   day of October, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)